

PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

November 20, 1951

Hon. Joe L. Cox
County Attorney
Hale County
Plainview, Texas

Opinion No. V-1349

Re: Authority of the com-
missioners' court to
prorate special road
tax proceeds among the
commissioners' precincts.

Dear Sir:.

Your request for an opinion reads in part as
follows:

"I have been requested by the Commis-
sioners Court of Hale County to request
an opinion of the Attorney General to the
following question:

"In the 1951 tax levy for Hale Coun-
ty there was a levy of $0.15 on each $100
valuation for a special road tax under
Chapter 4, Title 116 of Vernon's Annotat-
ed Civil Statutes. There is no question
as to the legality of the special road
tax. The Court also levied $0.03 on each
$100 valuation for the general road and
bridge fund. Under the budget it was pro-
vided that the taxes collected under the
special road tax would be paid into the
road and bridge fund for each of the four
Commissioners Precincts in proportion to
the amount of taxes collected within each
Commissioners Precinct.

"By resolution of the County Commis-
sioners Court at their meeting held the
8th of October, 1951, it was provided
that the taxes collected under the $0.15
per $100 valuation for the special road
tax should be divided equally among the
four Commissioners Precincts without re-
gard to the amounts collected in each
precinct. The budget was adopted provid-
ing division according to precincts.

"QUESTION:  Should the taxes collect-
ed under the said levy for the special
road tax be expended in each Commissioners
Precinct in proportion to the amount of
taxes collected in each precinct, or may
the same be divided into four equal parts
without regard to the amounts collected
in each precinct?"

Article 6790, V.C.S., codified in Chapter 4,
Title 116 of the Revised Civil Statutes of 1925, pro-
vides:

"The commissioners court shall order
an election upon presentation to it at any
regular session of a petition signed by
two hundred qualified voters and property
tax payers of the county, or a petition
of fifty persons so qualified in any polit-
ical subdivision or defined district of
the county, requesting said court to or-
der an election to determine whether said
court shall levy upon the property within
said territory a road tax not to exceed
fifteen cents on the one hundred dollars
worth of property, under the provisions
of the amendment of 1889 to the Constitu-
tion of the State of Texas, adopted in
1890.  Said court may act on such petition
without notice, and may make an order for
such election, fixing the amount to be
levied, not to exceed fifteen cents on
the one hundred dollars, the election to
take place at any time thereafter, not
less than twenty nor more than ninety days
from the date of making the order there-
for.  Upon a petition signed by a majority
of the qualified tax paying voters of any
portion of any county or of any political
subdivision of any county, to said court
requesting that such portion of said county
or political subdivision shall be created
as a defined district, the said court shall
declare such territory a defined district
and spread the order for same upon the min-
utes of said court; provided the petition
aforesaid shall define by metes and bounds
the territory desired to be so incorporated
in such defined district."

In construing this provision it was held in
Attorney General Opinion O-2094 (1940):

"We are of the opinion that the tax
money levied and collected for the gener-
al purpose of building and maintaining
the public roads in said county under the
provisions of Section 9, Article 8 of the
Constitution and Article 6790, may be ex-
pended by the county commissioners' court
for the purpose of building and maintain-
ing the public roads in said county as
said court may in its discretion determine."

You have stated that the most recent order of
the Commissioners' Court of Hale County apportions the
funds from the special road tax equally among the four
commissioners' precincts of the county.  Whether this
order is a proper one turns upon the question of whe-
ther the division of the funds in this manner was made
arbitrarily without regard to the condition of the roads
of the county or whether, on the other hand, the court
in the exercise of its discretion had determined that
the condition of the roads justified such a division.

In Stovall v. Shivers, 129 Tex. 256, 103 S.W.
2d 363 (1937), the court said that the provisions of
Article 2351, V.C.S., giving the commissioners' court
the power, among other things, to exercise general con-
trol over all roads, highways, ferries, and bridges in
the county contemplated that all roads and bridges of
the county should be maintained, repaired, and improved
when necessary, as the conditions might require, regard-
less of the precinct in which the roads were located.
The court further said that allegations setting out that
the commissioners' court had established a fixed policy
of mechanically dividing the road and bridge fund into
four equal parts and allotting it to the four precincts
of the county without regard to the condition and needs
of the roads excluded the idea of the exercise of any
discretion based upon a consideration of necessity and
conditions of the roads and bridges.  However, under
the later case of Garland v. Sanders, 114 S.W.2d 302
(Tex. Civ. App. 1938, error dism.), it is clear than an
equal division among the precincts is not an arbitrary
abuse of discretion if such a division is in fact based
on a consideration of the condition of the roads in the
various precincts.

We think the conclusion to be drawn from these cases is that if the commissioners' court in the exercise of its discretion determines that the condition of the roads of the county as a whole justifies a division among the various precincts in equal amounts, the division is a proper one. The necessities of the road system of the county involve fact questions to be determined by the commissioners' court, and, of course, this office would have no power to determine whether the court had abused its discretion in any particular case. Since you have not indicated whether the Commissioners' Court of Hale County based its order on a consideration of these conditions, we are unable to express an opinion as to the propriety of the order.

## SUMMARY

Taxes collected under a levy of a special road tax pursuant to Article 6790, V.C.S. may be expended for the construction and maintenance of roads in the county as the commissioners' court may determine in the exercise of its sound discretion, based on a consideration of the condition and necessity of the roads of the county. Att'y Gen. Op. 0-2094 (1940).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:wh

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant